IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES for the use and benefit of DELTA CONSTRUCTION CORPORATION, | ) ) ) | CIV. NO. 20-00133 HG-RT |
| | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| DAVID BOLAND, INC.; WESTERN SURETY COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO STAY (ECF No. 11)**

Defendant David Boland, Inc. ("Boland") is the prime contractor on a multi-phase Combat Aviation Brigade construction project for the United States Army Corps of Engineers at Wheeler Army Airfield ("Project").

Defendant Western Surety Company ("Western Surety") issued a payment bond on behalf of Defendant Boland for the project.

Defendant Boland entered into a Subcontract Agreement dated March 12, 2014, with Plaintiff Delta Construction Corporation ("Delta Construction") for it to perform certain roadwork and earthwork at the Project.

During the course of the Project, disputes arose between Plaintiff Delta Construction and Defendant Boland.

On March 25, 2020, Plaintiff Delta Construction filed the Complaint against Defendant Boland and Defendant Western Surety asserting a claim pursuant to the Miller Act, 40 U.S.C. § 3133 et

1

seq., and a claim for breach of contract.

Defendant Boland and Defendant Western Surety filed a Motion to Dismiss, or alternatively, to Stay.  Defendants argue that the Subcontract Agreement requires Plaintiff to first exhaust the contractual administrative procedure as set forth in the agreement before pursuing its claims in a civil action against the Defendants.  Defendants also argue that the Subcontract Agreement requires any claims not subject to the administrative procedure to be subject to mediation before proceeding in the civil suit.

Plaintiffs in their Opposition agree that mediation is required, stating, "Now that Delta has preserved its Miller Act claim, it intends to participate in mediation and for that reason has no objection to a stay pending the completion of mediation." (Pla.'s Opp. at p. 2, ECF No. 17).

The Court **GRANTS, IN PART,** Defendants' Motion (ECF No. 11) and **STAYS** this action pending resolution of the procedures required by Paragraphs 13A and 13B of the Subcontract Agreement.

## <u>PROCEDURAL HISTORY</u>

On March 25, 2020, Plaintiff Delta Construction Corporation filed the Complaint.  (ECF No. 1).

On April 24, 2020, Defendants David Boland, Inc. and Western Surety Company filed DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, MOTION TO STAY.  (ECF No. 11).

On May 5, 2020, the case was assigned to District Judge Helen Gillmor. (ECF No. 14).

On May 21, 2020, Plaintiff filed its Opposition. (ECF No. 17).

On June 4, 2020, Defendants filed their Reply. (ECF No. 33).

On July 28, 2020, the Court elected to set a hearing on the Motion. (ECF No. 34).

On August 13, 2020, the Court held a hearing on Defendants' Motion. (ECF No. 35).

## BACKGROUND

On June 29, 2012, Defendant David Boland, Inc. ("Boland") entered into a contract with the United States Army Corps of Engineers ("Owner") to be the prime contractor on a construction project known as the Combat Aviation Brigade Infrastructure, Phase I, Wheeler Army Airfield, Oahu, Hawaii, Contract No. W9-12A-12-C-0009. (Complaint at ¶ 8, ECF No. 1).

Defendant Boland obtained a payment bond pursuant to the Miller Act, 40 U.S.C. § 3133, from Defendant Western Surety Company ("Western Surety") for the Project. (Complaint at ¶ 10, ECF No. 1; Payment Bond, attached as Ex. 1 to the Complaint, ECF No. 1-1).

**SUBCONTRACT AGREEMENT**

On March 12, 2014, Defendant Boland entered into a

Subcontract Agreement with Plaintiff Delta Construction Corporation ("Delta Construction").  (Subcontract Agreement, attached as Ex. A to Def.'s Motion, ECF No. 11-3).

Paragraph 13A of the Subcontract Agreement requires Plaintiff Delta Construction to exhaust its administrative remedies before pursuing claims against either Defendant Boland or Defendant Western Surety where the Owner, the United States Army Corps of Engineers, may be responsible for any of the claims.  (Id. at ¶ 13A).

Paragraph 13B of the Subcontract Agreement requires that for any claim not subject to Paragraph 13A, Plaintiff Delta Construction must first submit the claim to Defendant Boland, and if Plaintiff disagrees with Defendant Boland's decision, Plaintiff must proceed to non-binding mediation before pursuing claims against Defendant Boland in court.  (Id. at ¶ 13B).

The Subcontract Agreement also contains a clause requiring a stay of any action filed in court while the parties comply with the terms of Paragraph 13A and Paragraph 13B.  (Id. at ¶ 23).

**DISPUTES BETWEEN PLAINTIFF DELTA CONSTRUCTION AND DEFENDANT BOLAND**

Plaintiff Delta Construction's scope of work under the Subcontract Agreement consisted of providing labor, materials, and equipment for roadwork and earthwork and other tasks. (Complaint at ¶ 14, ECF No. 1).

According to the Complaint, during the course of the

Project, disputes arose between Plaintiff Delta Construction and Defendant Boland.  (Id. at ¶ 16).

As a result of the disputes, on September 8, 2016, Plaintiff Delta Construction issued a Notice of Termination of Subcontract. (Id. at ¶ 28).

In response, on December 15, 2016, Defendant Boland issued a Notice of Default of Subcontract against Plaintiff Delta.  (Id. at ¶ 29).

**FIRST AMENDMENT TO THE SUBCONTRACT AGREEMENT**

On May 5, 2017, Defendant Boland and Plaintiff Delta Construction reached an agreement in an attempt to resolve the disputed issues and entered into a First Amendment to the Subcontract Agreement.  (First Amendment to the Subcontract Agreement, dated May 5, 2017, attached as Ex. 4 to Pla.'s Opposition, ECF No. 17-5).

Subsequently, Defendant Boland rescinded its Notice of Default and Plaintiff Delta Construction rescinded its Notice of Termination.  (Complaint at ¶ 30, ECF No. 1).

On November 30, 2018, pursuant to the terms of the First Amendment to the Subcontract Agreement, Defendant Boland filed a Complaint against the Owner in the United States Court of Federal Claims, No. 18-1841C, which remains ongoing.  (Id. at ¶ 34).

**COMPLAINT IN THIS COURT**

The Parties have not resolved their disputes and on March 25, 2020, Plaintiff Delta Construction filed a Complaint in this Court against Defendant Boland and Defendant Western Surety. Plaintiff Delta Construction claims that Defendant Boland breached the terms of the Subcontract Agreement and the First Amendment to the Subcontract Agreement.  (Complaint at ¶¶ 45-51, ECF No. 1).

Plaintiff Delta Construction also seeks payment on behalf of the United States of America from Defendant Western Surety pursuant to the Miller Act bond it issued to Defendant Boland. (Id. at ¶¶ 36-43).

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id.

at 699.  The Court need not accept as true allegations that
contradict matters properly subject to judicial notice or
allegations contradicting the exhibits attached to the complaint.
Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th
Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme
Court addressed the pleading standards under the Federal Rules of
Civil Procedure in the anti-trust context.  550 U.S. 544 (2007).
The Supreme Court stated that Rule 8 of the Federal Rules of
Civil Procedure "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action," and
that "[f]actual allegations must be enough to raise a right to
relief above the speculative level."  Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court
clarified that the principles announced in Twombly are applicable
in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated
that "the pleading standard Rule 8 announces does not require
'detailed factual allegations,' but it demands more than an
unadorned, the-defendant-unlawfully-harmed-me-accusation."  Id.
at 1949 (citing Twombly, 550 U.S. at 555).  To survive a motion
to dismiss, a complaint must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible on
its face.  Id. (quoting Twombly, 550 U.S. at 570).  A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.  _Id._ (citing _Twombly_, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  _Id._ (quoting _Twombly_, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  _Id._ (quoting _Twombly_, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  _AE ex rel. Hernandez v. Cnty of Tulare_, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## **ANALYSIS**

The case arises out of a construction project on Wheeler Army Airfield on the island of Oahu.

On June 29, 2012, the United States Army Corps of Engineers entered into a Prime Contract with Defendant David Boland, Inc. ("Boland") to design and build Combat Aviation Brigade Infrastructure at Wheeler Army Airfield.  (Complaint at ¶ 8, ECF No. 1).

On March 12, 2014, Defendant Boland entered into a Subcontract Agreement with Plaintiff Delta Construction Company ("Delta Construction") for it to complete roadwork and earthwork projects.

The Parties had a series of disputes during the Project. Plaintiff Delta Construction claims that it is owed more than $1,000,000 in payment from Defendant Boland pursuant to the terms of the Subcontract Agreement and the First Amendment to the Subcontract Agreement.  Plaintiff also seeks payment from Defendant Western Surety under the Miller Act bond it issued to Defendant Boland.

Plaintiff agrees there are claims that are subject to stay. (Pla.'s Opp. at p. 2, ECF No. 17).  The Parties expressly agreed in the Subcontract Agreement that claims subject to Paragraph 13 shall be stayed pending the outcome of the administrative proceedings and mediation.  Pursuant to Paragraph 23 of the Subcontract Agreement, Plaintiff Delta Construction "expressly agrees to stay any action or claim under this Subcontract Agreement against [Defendant Boland] and against [Defendant Western Surety] pending the complete and final resolution of the Prime Contract's contractual remedial procedure or the Subcontract Agreement's mediation procedure, as required by Paragraph 13, above."  (Subcontract at ¶ 23, attached as Ex. A to Def.'s Motion, ECF No. 11-3).

The Court need not parse the claims subject to Paragraphs 13A and 13B as a stay is required for Plaintiff Delta

Construction to exhaust the procedures for each claim.

A stay of the proceedings is not only required by the terms of the Parties' Subcontract Agreement, but a complete stay also promotes judicial economy and efficiency.  It will conserve judicial resources to stay this entire action pending the outcome of the mediation.  See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20-21 (1983).  The case is in the early stages of litigation, there is a common nucleus of operative facts, and the mediation may resolve all or part of the dispute, making further proceedings limited or unnecessary.  Id.

The Court follows the conclusion of other courts staying similar proceedings based on the same contractual language. United States ex rel. Kingston Envtl. Servs., Inc. v. David Boland, Inc., Civ. No. 16-00205 DKW-RLP, 2017 WL 3763519, *8 (D. Haw. Aug. 30, 2017); United States ex rel. El Paso Glass Co, Inc., 2018 WL 1566834, *3 (D. Colo. March 30, 2018).

## CONCLUSION

Defendants' Motion to Dismiss Plaintiff's Complaint or, alternatively, Motion to Stay (ECF No. 11) is **GRANTED, IN PART.**

This case is **STAYED.**  The Parties shall proceed to mediation.

The Parties shall file with the Court a Joint Statement naming the mediator and the proposed procedure for conducting the mediation prior to October 7, 2020.

The matter is continued to Wednesday, October 14, 2020, at 10:30 a.m., before the Honorable Helen Gillmor for a telephonic conference if the Parties have been unable to agree to a mediator and the proposed procedure.

The Court will require periodic joint status reports regarding the status of the mediation.

IT IS SO ORDERED.

DATED: August 17, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States for the use and benefit of Delta Construction Corporation v. David Boland, Inc.; Western Surety Company, 20-cv-00133 HG-RT, **ORDER GRANTING DEFENDANTS' MOTION TO STAY (ECF No. 11)**